**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

MIKEN COMPOSITES, L.L.C.,

Plaintiff,

v.

WILSON SPORTING GOODS CO.

Defendant.

**Court File No. 02-CV-769 DSD/SRN**

**WILSON SPORTING GOODS CO.'S FIRST AMENDED ANSWERS TO MIKEN COMPOSITES, L.L.C.'S INTEROGATORIES TO WILSON SPORTING GOODS CO. (SETONE)**

NOW COMES Defendant Wilson Sporting Goods Co. ("Wilson"), and, pursuant to Rule 33 of the Federal Rules of Civil Procedure, provides the following answers to Plaintiff Miken Composites, L.L.C.'s Interrogatories to Wilson Sporting Goods Co. (Set One).

**GENERAL OBJECTIONS**

1. Defendant objects to the Interrogatories to the extent that they seek to impose a burden beyond that allowed by the Federal Rules of Civil Procedure or the Local Rules for the District Court of Minnesota Third Division. Defendant will respond as required by the applicable rules.

2. Defendant objects to the Interrogatories to the extent that they seek information that is neither relevant to the subject matter involved in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to the Interrogatories to the extent that, due to their overly broad scope, they might be construed as seeking information protected from discovery by the attorney-

INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each and every product designed, manufactured, sold or offered for sale by Miken which Wilson contends infringes the '398 Patent.

**ANSWER:**

Wilson hereby incorporates its General Objections as set forth hereinabove. Subject to the foregoing objections, the following Miken bats are products designed, manufactured, sold or offered for sale by Miken which infringe the '398 Patent:

> HHD, Viper, Velocit_E, Velocit-E II, Velocit-E Ultra, Velocit-E Ultra II, Intensit-E, Edge and M-Pulse. Wilson reserves the right to supplement this list as discovery continues.

**INTERROGATORY NO. 2:** For each claim of the '398 Patent that Wilson contends is infinged by any of Miken's Accused Products:

(a) Identify the structure, component, portion, or material of the Accused Product that you contend incorporates each and every element of each such claim;

(b) Explain in detail how each and every element of each such claim is met by each such Accused Product, either literally or under the doctrine of equivalents; and

(c) Provide a claim chart showing the correspondence between each and every element of each Accused Product and the structure, component, portion or material of the accused product that you contend incorporates or embodies that claim element.

**ANSWER:**



**Exhibit 9**

Wilson hereby incorporates its General Objections as set forth hereinabove. Subject to the foregoing objections:

(a) The following bats of Miken, individually and collectively, are structures that incorporate each and every element of claims 1, 15 and 18 of the '398 Patent:

HHD, Viper, Velocit-E, Velocit-E II, Velocit-E Ultra, Velocit-E Ultra II, Intensit-E, Edge and M-Pulse. Wilson reserves the right to supplement this list as discovery continues.

(b) Each of the above-listed Miken bats (the "'Miken Bats") literally meet each and every element of claims 1, 15 and 18 of the '398 Patent.

(1) Claim 1 of the '398 Patent:

The Miken Bats each include a hollow tubular bat frame, having a circular cross-section, and an insert. The insert of each Miken Bat is positioned within the frame. The insert of each Miken Bat has at least first and second ends adjoining the tubular frame. The insert of each Miken Bat is separated from the tubular frame by a gap forming at least part of an annular shape along a central portion of the insert between the first and second ends. The frame of each Miken Bat elastically deflects across the gap to operably engage the insert along a portion of the insert between the first and second ends of the insert.

(2) Claim 15 of the '398 Patent:

Each of the Miken Bats has a small-diameter handle portion and a large-diameter impact portion. Each of the Miken Bats includes an internal structural insert that defines an annular gap with an inside wall of the impact portion of the bat. The impact portion of each Miken Bat elastically deflects to close a portion of the annular gap and to operably engage the insert.

(3) Claim 18 of the '398 Patent:

The Miken Bats each include a hollow tubular bat frame and at least one insert. The frame of each Miken Bat has a small-diameter handle portion and a large-diameter impact portion. The impact portion of each Miken Bat has a circular cross-section with an inner and outer diameter. The insert of each Miken Bat has a substantially circular cross-section with an outer diameter less than the inner diameter of the frame impact portion. The insert of each Miken Bat is held within the impact portion. The impact portion of each Miken Bat is inwardly elastically deflectable such to establish a tight interference fit between the insert and the impact portion.

(c) See the attached First Amended Claim Chart.

**INTERROGATORY NO. 3:** For each claim of the '398 Patent that you contend is infringed by any of Miken's Accused Products, identify by column and line number and/or by figure number in the patent drawings, the disclosure(s) in the '398 Patent specification of the structure, component, portion or material that you contend discloses and supports each element of each such claim.

**ANSWER:**

Wilson hereby incorporates its General Objections as set forth hereinabove. Subject to the foregoing objections, the following three tables list the individual elements of claims 1, 15 and 18 of the '398 Patent, respectively, including the portions of the specification of '398 Patent that support each element.

**Claim 1 of the '398 Patent:**

| CLAIM ELEMENT | SPECIFICATION |
|---|---|
| A bat, comprising: | **FIGS. 1-3; col. 1, lines 8-11; and col. 2, lines 4-13 and 39-43.** |
| a hollow tubular bat frame | **FIGS. 1-3; col. 2, lines 9-14, 39-43 and 62-66; col. 4, lines 61-64; and col. 5, lines 46-52.** |