UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Miken Composites, L.L.C.,

Plaintiff,

v.

Wilson Sporting Goods Co.,

Defendant.

Court File No. 02-CV-769 DSD/SRN

**DECLARATION OF KEITH T. DENNEHY**

I, Keith T. Dennehy, hereby declare as follows:

1. I am a tenured, full professor in the Composite Materials Engineering Program/Department of Engineering, Winona State University, Winona, Minnesota. I hold B.S., M.S., and PhD degrees in Civil Engineering.

2. I have been retained by Briggs and Morgan to serve as an expert witness in this case. I have prepared three expert reports, dated October 15, 2003, December 1, 2003, and January 15, 2004, copies of which are attached to the Declaration of Michael H. Streater as Exhibits 5, 6, and 7.

3. In my December 1, 2003 report, I describe a "push-out test" that I performed on a Miken Ultra II bat. The testing demonstrated that it took 1,227 pounds of force to move the insert inside the frame of a 10-inch long section cut from an Ultra II bat.

4. As I stated in Section 2.1.1 of my January 15, 2004 report, the design and manufacture of the M-Pulse, Velocit-E II, and Edge bats are similar to each other and closely resemble the design and manufacture of the Ultra II bat. Given these similarities in design and manufacture, it is my opinion to a reasonable degree of engineering certainty that if a "push-out

test", as described in my December 1, 2003 report, were conducted on similarly sized sections of an M-Pulse, Velocit-E II, and Edge bat, forces comparable to those reported for the Ultra II bat (that is, 1,227 pounds of force) would be required to move the inserts in the frames of these bats. It is my opinion that any variation in the required forces would be small.

5. At the request of Briggs and Morgan, I have prepared samples of the impact portions (ranging from approximately 8 to 12 1/2 inches in length) of an Ultra II, Intensit-E, Velocit-E, M-Pulse, Velocit-E II, Edge, hhd, and Viper bats. A band saw was used in making the cuts from new, fully intact bats. Minimum pressure was applied to the bats during the cutting, allowing the blade to slowly work its way through the material. After using the band saw, the cut edges were dressed with a hand-held, air-driven grinding wheel. A belt sander was also used on some of the impact portion sections to square up the ends prior to dressing the edges with the grinding wheel. In addition to these eight samples, I took two new, fully intact bats, an Intensit-E and a Velocit-E II, and removed one half of the impact portion (longitudinally) from each bat. The samples are being filed with the Court conventionally, and are identified as follows:

a. Exhibit A is a sample portion of the Miken hhd bat.

b. Exhibit B is a sample portion of the Miken Viper bat.

c. Exhibit C is a sample portion of the Miken Velocit-E II bat.

d. Exhibit D is a sample portion of the Miken Ultra II bat.

e. Exhibit E is a sample portion of the Miken M-Pulse bat.

f. Exhibit F is a sample portion of the Miken Velocit-E bat.

g. Exhibit G is a sample portion of the Miken Edge bat.

h. Exhibit H is a sample portion of the Miken Intensit-E bat.

i. Exhibit I is a sample portion of the Miken Intensit-E (full bat).

j. Exhibit J is a sample portion of the Miken Velocit-E II (full bat).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 7, 2004

*s/Keith T. Dennehy*
Keith T. Dennehy