**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

| | | |
|---|---|---|
| MIKEN COMPOSITES, L.L.C., | ) | |
| | ) | |
| | ) | **Court File No. 02-CV-769 DSD/SRN** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Honorable David S. Doty |
| | ) | |
| | ) | |
| WILSON SPORTING GOODS CO. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

.

**AFFIDAVIT OF DOUGLAS G. GUENTHER**

I, Douglas G. Guenther, being first duly sworn, on oath state as follows:

1. I am employed by Wilson Sporting Goods Co. ("Wilson") as Director of Research and Development, Team Sports at their offices in Chicago, Illinois. My curriculum vitae is attached to my October 24, 2003 Report, which I understand is being filed herewith.

2. I have reviewed the Plaintiff's Motion for Summary Judgment dated September 7, 2004. In Section III. D. 1. of the Plaintiff' Motion for Summary Judgment, the Plaintiff attempts to equate the term "tight interference fit" from claim 18 with the contact present in the Miken bat models between the insert and frame prior to impact with a ball. However, contrary to the Plaintiff's attempt, the term "tight interference fit" of claim 18 refers to the alternative preferred embodiment described at Col. 5, lines 33-45 of the '398 Patent, which includes the statement "[a]n impact with a ball will cause the frame to deflect, thereby creating interference attachments for the insert 18 during impact." In other words, as described by Dr. Parks, the term "tight

interference fit" of claim 18 is a transient, temporary interference fit that holds the insert in place during impact between the bat and the ball. (David M. Parks Report, at pp. 25-26).

3. The language of claim 18 does imply, as the Plaintiff suggests, that a tight interference fit is not present between the frame impact portion and the insert prior to the inward elastic deflection of the impact portion. An examination of the Plaintiff's bats reveals that a tight interference fit, as that term is used in claim 18, is not present between the impact portion and the insert of the Plaintiff's bats prior to the inward deflection of the impact portion. In fact, load deflection tests performed on each of the Plaintiff's bats clearly illustrate the existence of independent movement between the impact portion of the frame and insert upon the application of a load. Such independent movement indicates that a tight interference fit was not present before application of the load. The amount of deflection corresponding to a given load for each of the Plaintiff's bats is equivalent to a bat having an independently movable insert within the impact portion of the bat frame.

4. This conclusion was further demonstrated through load deflection testing of ten inch sections of the Plaintiff's bats wherein the insert is affixed (or glued) to the impact portion through the use of an adhesive. The results of this testing are presented in my Octobert 24, 2003 report, and summarized in Chart A, included therein. The applied adhesive prevents independent movement between the insert and the impact portion of the frame. The rigidly fixed, tightly abutted ten inch sections resulted in load deflection values that were significantly higher than the non-affixed bats of the Plaintiff. In other words, the load required to produce a fixed amount of deflection in the rigidly fixed, tightly abutted ten inch sections was significantly greater than the load required to produce the same amount of deflection in the Plaintiff's bats. This demonstrates the absence of interference fits, as that term is used in claim 18, until the load is applied to create

them. The load deflection values of the affixed ten inch sections are equivalent to values obtained from single wall ball bats or other similarly rigidly fixed, or tightly abutted multi-walled ball bats.

5. The Plaintiff attempts to further justify the pre-existence of a tight interference fit, as that term is used in claim 18, in its bats by referring to the approximate 1000 pounds of force required to place a 10 inch long insert within the bat frame of the Plaintiff's bat. Such a test, however, does not establish the existence of a tight interference fit, as that term is used in claim 18, between the impact portion and the insert. Rather, this 1000 pound force value is indicative of the length of the cylindrical insert, normal manufacturing tolerances and the similarity of the dimensions of the two long cylindrical members (the insert and the bat frame). The dimensional differences of the cylindrical members measure in the thousandths or ten thousands of an inch (as thin or thinner than a sheet of paper).

6. Many existing double walled bats, which exhibit independent movement between the insert and the impact portion of the frame, also require a significant force to place the insert within the frame, including the multi-walled bats manufactured by Wilson. Further, even those bats that employ a lubricant between the insert and the frame also can require a large force to install the insert within the frame. The approximate 1000 pounds of force referred to by the Plaintiff has no direct relation to the establishment of a tight interference fit, as that term is used in claim 18.

7. The tight interference fit of claim 18 is established at a localized area of inward deflection resulting from an impact of a ball. This localized area is significantly smaller than the 10 inch long cylindrical insert referred to by the plaintiff. The inspection of the 1/4 ring segments (similar to those taken of the Plaintiff's bats and referenced in my Report of December

1, 2003) is more representative of the localized area of inward deflection than the 10 inch long cylindrical insert proposed by the Plaintiff. As stated in my Report of December 1, 2003, the insert of the 1/4 inch ring segment can be grasped and readily moved relative to, and separated from, the impact portion by simply applying pressure with one's thumbs or fingers to the insert. This hand-induced relative movement further indicates the absence of a tight interference fit between the insert and the impact portion of the bat frame prior to impact with a ball.

FURTHER AFFIANT SAYETH NAUGHT.

Dated: October 1, 2004

s/Douglas G. Guenther
Douglas G. Guenther

Subscribed and Sworn to before
me this __________ day of
____________, 2004

____________________________
Notary Public

My Commission expires: __________________