UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Miken Composites, L.L.C.,

Plaintiff,

v.

Wilson Sporting Goods Co.,

Defendant.

Court File No. CV 02-769 DSD/SRN

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

## I.

## INTRODUCTION

Pursuant to 28 U.S.C. § 1292(b), plaintiff Miken Composites, L.L.C. ("Miken") respectfully requests that this Court enter an order certifying its July 26, 2004 claim construction Order for interlocutory appeal. Miken further moves the Court to stay proceedings pending appeal of this ruling. Wilson Sporting Goods Co. ("Wilson") has advised Miken that it will not oppose this motion.

## II.

## STATEMENT OF FACTS

Wilson owns United States Patent No. 5,415,398 ("the '398 patent"), entitled "Softball Bat." On April 11, 2002, Miken filed its Complaint for declaratory judgment of non-infringement, invalidity and unenforceability of the '398 patent. Wilson answered and asserted a counterclaim for patent infringement. Wilson accuses nine separate bat models manufactured by Miken of infringing claims 1, 15 and 18 of the '398 patent.

On April 8, 2004, the Court held a *Markman* hearing to construe disputed claim terms, and entered its claim construction Order on July 26, 2004. Miken moved for summary judgment of non-

infringement and patent invalidity on September 7, 2004. After full briefing, the Court held a hearing on the motion and then took the matter under advisement.

The motion remains under advisement because the parties informed the Court of a related patent infringement case involving the '398 patent in the Northern District of Illinois, currently on appeal to the Federal Circuit, *Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 00 C 6517 (the *"Hillerich & Bradsby"* case). After the district judge in that case entered the report and recommendation of the magistrate judge regarding claim construction, Wilson recognized that it could not prevail on its infringement claim in light of the court's ruling, and stipulated to a judgment of non-infringement subject to the right to appeal the district judge's claim construction.

Both this case and the *Hillerich & Bradsby* appeal involve the proper construction of claim 18. In particular, the question is whether claim 18 allows the insert portion of the bat to touch the impact portion before the bat hits the softball, and what type of a gap between the insert and the frame, if any, is required. The district court's construction of claim 18 in the *Hillerich & Bradsby* case differs from the July 26, 2004 Order in this case, as well as a 1999 claim construction ruling in the District of Oregon. Certifying the July 26, 2004 claim construction Order for interlocutory appeal would, if the Federal Circuit permits it, promote judicial efficiency by resolving this issue expeditiously, allowing both appeals to be heard simultaneously, and potentially avoiding an unnecessary trial should the district court's judgment in *Hillerich & Bradsby* be affirmed. If this Court and the Federal Circuit permit the interlocutory appeal requested herein, Miken will seek to have its appeal consolidated with the *Hillerich & Bradsby* appeal, thereby permitting Miken to participate in the briefing relating to the potentially dispositive and common issue of claim construction.

## III.

## DISCUSSION

### A. Applicable Legal Standard for District Court Certification of Ruling for Interlocutory Review

28 U.S.C. § 1292(b) provides for interlocutory appeal of an otherwise non-reviewable ruling when the district court judge, in his or her discretion, certifies in writing that the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See also Nystrom v. Trex Co., Inc.*, 339 F.3d 1347, 1351 (Fed. Cir. 2003). A question of law is considered controlling if its resolution will materially affect the outcome of the litigation. *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982), *aff'd*, 459 U.S. 1190 (1983); *see also APCC Servs., Inc. v. Spring Communications Co., L.P.*, 297 F. Supp. 2d 90, 95-96 (D.D.C. 2003) (controlling question of law is one that "could materially affect the course of litigation with resulting savings of the court's or the parties' resources."). There is substantial ground for difference of opinion when there are "a sufficient number of conflicting and contradictory opinions." *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994) (internal quotation and citation omitted); *see also APCC Servs.*, 297 F. Supp. 2d at 97.

### B. Claim Construction is a Controlling Question of Law

Claim construction affects the outcome of both the infringement analysis and the validity analysis, as it is the foundation for each inquiry and "claims are construed the same way for both validity and infringement." *Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1330 (Fed. Cir. 2003). Determining whether a patent has been infringed is a two-step process: "First, the claim must be properly construed to determine its scope and meaning. Second, the claim as properly construed must be compared to the accused device or process." *See, e.g., Hillgraeve Corp. v. Symantec Corp.*, 265 F.3d 1336, 1341 (Fed. Cir. 2001), *cert. denied*, 535 U.S. 906 (2002) (internal quotations and citations omitted). The former is a question of law and the latter is a question of fact. *Id.* Likewise, determining whether a

patent is invalid for anticipation requires the court to analyze whether the claims, as properly construed, "have been described or embodied, either expressly or inherently, in a single [prior art] reference." *Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc.*, 45 F.3d 1550, 1554 (Fed. Cir. 1995).

An interlocutory appeal of the claim construction is desirable from the standpoint of the parties and the Court, given that claim construction is central to any patent infringement case and it is subject to the Federal Circuit's *de novo* review. Early resolution of claim construction conserves party and court resources by avoiding a trial (and/or summary judgment motion practice) based upon a claim construction that the Federal Circuit may ultimately modify on appeal, thereby rendering those district court proceedings either unnecessary or requiring that they be redone. *See generally Nystrom*, 339 F.3d at 1350; *Elf Atochem N. Am., Inc. v. Libbey-Owens-Ford Co., Inc.*, 894 F. Supp. 844, 857-58 (D. Del. 1995).

### C. <u>There is a Substantial Difference of Opinion Regarding the Proper Construction of Claim 18</u>

In general terms, the crux of the claim construction dispute here is whether claim 18 allows the insert portion of the bat to touch the frame before the bat hits the softball and if not, what type of space or gap the claim requires between the two bat components. Wilson argues that the claim permits some contact between the insert and the frame, while Miken contends that it does not allow any contact between these two portions of the bat and that there must be a single continuous space between them. Claim 18 reads as follows:

> A bat, comprising:
>
> a hollow tubular bat frame having a small-diameter handle portion and a large-diameter impact portion having a circular cross-section with an inner and outer diameter;
>
> at least one insert having a substantially circular cross-section with an outer diameter less than the inner diameter of the frame impact portion, the insert being held within the impact portion; and
>
> the impact portion being inwardly elastically deflectable such to establish a tight interference fit between the insert and the impact portion.

This Court construed the "diameter" phrase ("outer diameter less than the inner diameter of the frame") to mean simply that "the diameter between outer surfaces of the insert is not as large as the diameter between inner surfaces of the frame." July 26, 2004 Order at 15. Miken had argued that the diameter phrase should be read synonymously with the word "gap" in claims 1 and 15 to require a space between the impact portion and the insert.

In the *Hillerich & Bradsby* litigation, the Northern District of Illinois interpreted the "diameter" phrase synonymously with the word "gap," requiring "a single continuous space or void between the interior of the frame and the exterior of the insert great enough to allow for deflection of the frame across the gap." 2003 WL 21911241 at **3-5 (N.D. Ill. 2003).

In yet a third construction of this claim element, the very first district court to address claim 18, the District of Oregon, took an intermediate position and held that the term "interference fit" required a separation between the insert and the frame of the bat, but that the separation "is not required to be continuous but is only limited by the requirement that the frame bend inward enough to make a momentary attachment between the frame and the insert." *DeMarini Sports, Inc. v. Worth, Inc.*, Case No. 97-1693-KI (D. Or. 1999) (unpublished). The court went on to explain that "[t]here is no requirement that the insert float within the frame prior to impact." *Id.*

Thus, the three district courts to address claim 18 have issued three conflicting constructions.

**D. <u>An Immediate Appeal Would Materially Advance the Ultimate Termination of the Litigation</u>**

As noted above, claim construction is pivotal to the resolution of this dispute. A significant portion of the summary judgment briefing is devoted to the contact between the insert and the frame of the bat and the tightness of the fit between these two pieces. An interlocutory appeal would promote judicial efficiency by eliminating the chance that any judicial resources in this case will be wasted ruling on the pending summary judgment motion when the very claim construction underpinning that motion may be affected by Wilson's appeal in the *Hillerich & Bradsby* case. If the district court's claim

construction in that case is upheld by the Federal Circuit, Miken anticipates that this ruling will be dispositive of Wilson's infringement claims in this case.

Moreover, the opportunity for the Federal Circuit to issue a ruling on the meaning of claim 18 is ripe, as the related *Hillerich & Bradsby* appeal is currently pending and Wilson has represented that it will not oppose this motion or the consolidation of the two appeals. *See Taylor v. PPG Indus., Inc.*, 256 F.3d 1315 (Fed. Cir. 2001) (granting petition for § 1292(b) appeal and consolidating with existing appeal promotes judicial efficiency). A definitive claim construction will materially advance the resolution of this lawsuit by substantially narrowing the issues and allowing the parties to properly evaluate their respective position so that they can have meaningful settlement negotiations.

## IV.

## CONCLUSION

For the foregoing reasons, plaintiff Miken respectfully requests that this Court grant its unopposed motion for certification of the July 26, 2004 claim construction Order for an immediate appeal pursuant to 28 U.S.C. § 1292(b). Claim construction of the '398 patent is a controlling issue in the case for which there are substantial grounds for disagreement. This issue can and should be decided quickly in coordination with the *Hillerich & Bradsby* appeal. Plaintiff Miken further requests that the Court stay all other proceedings in this matter pending appeal and resolution of this issue.

Dated: December 8, 2004

BRIGGS AND MORGAN, P.A.

By: s/Michael Streater
Michael H. Streater (#106331)
2200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 977-8400

Kurt J. Niederluecke (#0271597)
FREDRIKSON & BYRON
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, Minnesota 55402
(612) 492-7000

**Attorneys for Plaintiff Miken Composites, L.L.C.**